**Marvin Alexander BARRIOS, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 07–74435.

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2012.*

Filed June 13, 2012.

Steven Arthur Seick, Steven A. Seick, Attorney at Law, San Diego, CA, for Petitioner.

Wendy Benner–Leon, Esquire, Jesse Lloyd Busen, OIL, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

---

* The panel unanimously concludes this case is suitable for decision without oral argument.

*See* Fed. R.App. P. 34(a)(2).

Before KOZINSKI, Chief Judge,
TROTT and THOMAS, Circuit Judges.

## MEMORANDUM **

Marvin Alexander Barrios, a native and citizen of Guatemala, petitions for review of a decision of the Board of Immigration Appeals vacating the immigration judge's grant of asylum and withholding of removal. Subsequently, he was denied relief pursuant to the Convention Against Torture ("CAT"). We deny his petition.

Barrios was neither persecuted nor tortured in Guatemala. Therefore, he is not entitled to a rebuttable presumption that he will be persecuted in the future should he be returned. *See* 8 C.F.R. § 1208.13(b)(1). In addition, the record does not compel the conclusion (1) that he adequately demonstrated a well-founded fear of future persecution on account of a protected ground, i.e., his membership in a particular social group, (2) that he is a member of a group disfavored in his country, or (3) that it is more likely than not that he would be persecuted should he return. *See INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992); *Wakkary v. Holder,* 558 F.3d 1049, 1062–64 (9th Cir.2009). Substantial evidence supports the Board's final decision and order, including its determination that he is not entitled to CAT protection.

**PETITION DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.